IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRENDA J. INGALSBE                                                                     PLAINTIFF

vs.                          Civil No. 6:07-cv-06040

MICHAEL J. ASTRUE                                               DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Brenda J. Ingalsbe ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for SSI on June 18, 2004. (Tr. 49-62). In this application and in the supporting documents filed with the SSA, Plaintiff alleged she was disabled due to "back problems," high cholesterol, continued injury due to rotator cuff surgery on her right arm, neck pain, shoulder pain, and a "nerve problem." (Tr. 50-62, 89). At the administrative hearing

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

on June 7, 2006, Plaintiff also alleged she was disabled due to bursitis in her arms.[2]  (Tr. 170).

Plaintiff alleged an onset date of June 18, 2004.  (Tr. 11, 49).  She alleged she became disabled because she was in a car accident when she was fifteen and never fully recovered from the injuries she sustained as a result of being in that car accident.  (Tr. 168-169).  This application was initially denied on December 27, 2004 and was denied again on reconsideration April 14, 2005.  (Tr. 35-41, 46-47).

On May 12, 2005, Plaintiff requested an administrative hearing on her application.  (Tr. 48). Plaintiff claimed that a hearing was required because she was "unable to perform any substantial gainful activity."  *See id.*  Plaintiff also claimed that SSA's "decision is not supported by substantial evidence."  *See id.*  The hearing was held on June 7, 2006 in Hot Springs, Arkansas.  (Tr. 162-179). Plaintiff was present and was represented by counsel, Sherri McDonough, at this hearing.  *See id.* Only Plaintiff testified at this hearing.  *See id.*  Vocational Expert ("VE") Dr. Millard Vance Sales appeared by phone at this hearing but did not testify.  *See id.*  On the date of the hearing, Plaintiff was fifty-two (52) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d), and had a high school education.  (Tr. 165-168).  Plaintiff also testified at the administrative hearing that she had some additional training in computers.  (Tr. 167-168).

On November 21, 2006, the ALJ entered an unfavorable decision denying Plaintiff's request

---

[2] Plaintiff included in her Appeal Brief that she also suffered from a " . . . 3. Fifth metacarpal fracture; (T. 105) . . . 5. Obesity; (T. 115) . . . 7. Chronic fatigue syndrome; (T. 134) . . . ." (Doc. No. 7, Pages 3-4).  Plaintiff, however, did not raise these issues in her application, in the other documents she filed with the SSA, or at the administrative hearing.  (Tr. 49-97, 162-179).  In fact, in Plaintiff's original application, she only alleged she was disabled due to "back problems."  (Tr. 51).  The ALJ is not under a duty to investigate claimed disabilities not raised in a claimant's application or at the administrative hearing.  *See Pena v. Chater,* 76 F.3d 906, 909 (8th Cir. 1996) (holding that "the administrative law judge is under no 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability'" (quoting *Brockman v. Sullivan,* 987 F.2d 1344, 1348 (8th Cir. 1993))).  Because Plaintiff did not properly raise this issue in either her application or at the administrative hearing, the ALJ was under no duty to investigate these additional claimed impairments, and this Court will not review these claimed impairments.

for SSI. (Tr. 11-20). In this decision, the ALJ determined Plaintiff "did not meet the special insured status requirements of the Social Security Act for purposes of entitlement to a period of disability and disability insurance benefits at any time pertinent to this decision." (Tr. 18, Finding 1). The ALJ found that there was no evidence that Plaintiff had engaged in any Substantial Gainful Activity ("SGA") since June 18, 2004, the alleged onset date of Plaintiff's disability. (Tr. 18, Finding 2). The ALJ found that the medical evidence of record established that Plaintiff had a history of diagnoses of and treatment for degenerative disc disease of the lumbar spine, a torn rotator cuff of the right shoulder (status post surgical repair), and an anxiety-related disorder. (Tr. 19, Finding 3). The ALJ found Plaintiff's medical evidence established that Plaintiff's degenerative disc disease and torn rotator cuff were severe impairments within the meaning of the Act since they more than minimally limited Plaintiff's capacity for the performance of certain basic work-related activities. (Tr. 19, Finding 3). The ALJ also found that Plaintiff's impairments, singly or in combination of impairments, did not meet and were not medically equivalent or functionally equivalent to the requisite level of severity of an impairment contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 19, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 12-18). Plaintiff claimed her back pain caused her to be unable to perform SGA. (Tr. 16). Specifically, at the administrative hearing, she stated that she could only walk or sit for about twenty to thirty minutes before she has to take a break. (Tr. 170). She testified that she could only do housework for about fifteen to twenty minutes before she had to take a break for one-half hour. (Tr. 172). She also testified that she had severe restrictions in lifting. (Tr. 170-175). Plaintiff also claimed she suffered from a "nerve problem." (Tr. 89).

3

The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant to the factors in *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). (Tr. 15-17). After a thorough examination of the *Polaski* factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other symptoms based upon the following three findings: (1) Plaintiff was able to take care of a majority of her household chores and was able to raise three of her grandchildren for a total eight years; (2) Plaintiff's medical records did not include any aggressive treatment for pain or emergency room care for pain; and (3) Plaintiff failed to seek additional follow-up medical treatment for her pain. (Tr. 15-17). Specifically, the ALJ stated the following regarding Plaintiff's subjective complaints:

> The claimant's testimony and subjective allegations regarding the severity of her symptoms, limitations, and restrictions are found to be credible only in so far as they are supported by the medical evidence and other evidence of record and only to the extent that she would be limited to the performance of no more than less strenuous light work activity and are not found to be fully credible for all the reasons set forth in the body of the decision.

(Tr. 19, Finding 5).

After discounting Plaintiff's subjective complaints, the ALJ then reviewed all the medical evidence, the hearing testimony, and determined Plaintiff's RFC. (Tr. 17-18; 19, Finding 6). Specifically, the ALJ determined Plaintiff retained the RFC for light work:

> [The] claimant can occasionally lift and/or carry up to 20 pounds and can frequently lift and/or carry up to 10 pounds. She is also capable of sitting, with normal breaks, for a total of about 6 hours in an 8-hour workday and is further capable of standing and/or walking, with normal breaks, for a total of about 6 hours in an 8-hour workday. She does not have any other significant postural limitations, manipulative limitations, communicative limitations, or environmental limitations, and also does not have a "severe" mental impairment and therefore has no significant mental restrictions.

(Tr. 19, Finding 6). *See* 20 C.F.R. § 416.967(b). In making this determination, the ALJ noted that

4

he had considered, but did not afford controlling weight to, the opinion of Dr. Thomas Hejna, M.D., Plaintiff's treating physician. (Tr. 17). The ALJ did not assign controlling weight to Dr. Hejna's opinion because his "actual medical findings" did not support a finding that Plaintiff's medical condition was disabling within the meaning of the Act. *See id.*

The ALJ then determined that Plaintiff had no Past Relevant Work ("PRW") but was able to perform work existing in significant numbers in the economy. (Tr. 19, Findings 9-11). Plaintiff testified at the administrative hearing regarding her PRW. (Tr. 166). Plaintiff testified that she had not done any work in the past fifteen (15) years, and the ALJ found that she "has very little past work experience and has not worked in the last 20 years or more and therefore has no vocationally relevant past work experience." (Tr. 19, Finding 9).

The ALJ did not present any hypothetical questions to the VE regarding Plaintiff's ability to perform other work in the national economy. (Tr. 162-179). Instead, the ALJ used the Medical-Vocational Guidelines ("the Grids") to determine whether Plaintiff retained the ability to perform work existing in significant numbers in the economy. (Tr. 20, Finding 10). The ALJ applied Grid Rule 202.13 and identified approximately 1,600 separate sedentary and light unskilled occupations Plaintiff could perform, in eight broad occupational categories, with each occupation representing numerous jobs in the national economy. *See id.* The ALJ found that these jobs could be performed "after a short demonstration or within 30 days and do not require special skills or experience." *See id.* Based upon this finding, the ALJ determined Plaintiff was capable of performing a significant number of jobs in the economy and was, therefore, not disabled. (Tr. 20, Findings 11-12).

On November 25, 2006, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). On May 2, 2007, the Appeals Council declined the review the ALJ's

5

decision, and the ALJ's decision became the final decision of the SSA. (Tr. 3-5). *See* 20 C.F.R. § 404.984(b)(2). On June 4, 2007, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). The parties consented to the jurisdiction of this Court on June 13, 2007. (Doc. No. 4). This case is now ready for decision.

## 2. <u>Applicable Law:</u>

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ's decision was not supported by substantial evidence in the record and (B) the ALJ erred by concluding Plaintiff retained the RFC to perform light work without having a VE present to testify.[3] (Doc. No. 7, Pages

---

[3] It is the ALJ's responsibility to evaluate a claimant's RFC, and an ALJ is not required to hear testimony from a VE in order to determine a claimant's RFC. *See* 20 C.F.R. § 404.1546(c); *Masterson v. Barnhart,* 363 F.3d 731, 738 (8th Cir. 2004). Therefore, with this argument, Plaintiff is presumably claiming that the ALJ was required to consider testimony from a VE in his Step Five determination. *See Vincent v. Apfel,* 264 F.3d 767, 769-770 (8th

7

1-19). In response, Defendant argues that substantial evidence, including Plaintiff's medical records and other reports, supports the ALJ's disability determination. (Doc. No. 8, Pages 3-14). Defendant also argues that the ALJ's determination that Plaintiff did not suffer from significant nonexertional limitations was supported by substantial evidence in the record, and the ALJ properly relied upon the Grids in his disability determination. *See id.* Each of Plaintiff's arguments will be addressed in this opinion.

### A. Substantial Evidence Determination

Plaintiff argues that the ALJ's disability determination is not supported by substantial evidence in the record. (Doc. No. 7, Pages 2-14). Specifically, Plaintiff claims the following: (1) the ALJ erred in finding that Plaintiff's impairments or combination of impairments did not meet the requirements of the Listings; (2) the ALJ erred in his RFC determination; (3) the ALJ erred in evaluating and discounting Plaintiff's subjective complaints; (4) the ALJ erred by failing to consider Plaintiff's impairments in combination; (5) the ALJ erred when he discounted the opinion of Plaintiff's treating physician, Dr. Hejna; and (6) the ALJ improperly evaluated Plaintiff's anxiety. *See id.*

### 1. The ALJ's Listings Determination

Plaintiff claims her impairments meet the requirements of Listings 1.03 through 1.09. (Doc. No. 7, Pages 11-14). In response, Defendant argues that this claim is without merit. (Doc. No. 8, Page 9). Defendant argues that Plaintiff's only support for this claim is from Dr. Hejna's report: "She also states that Dr. Hejna found she met a listing." *See id.* However, as Defendant argues, Plaintiff did not cite to any specific part of Dr. Hejna's report in support of her claim that she meets

---

Cir. 2001) (requiring the testimony of a VE in determining whether Plaintiff could return to his PRW because the claimant suffered from nonexertional limitations that impacted his ability to perform SGA).

the requirements of these Listings. *See id.* Defendant also argues that Plaintiff bears the burden of establishing that she meets the requirements of the Listings and that Plaintiff wholly failed to meet that burden. *See id.*

This Court finds that Plaintiff's claim–that she meets the requirements of Listings 1.03 through 1.09–is without merit. Specifically, Plaintiff only makes the cursory claim in her briefing that she meets the requirements of Listings 1.03 through 1.09. (Doc. No. 7, Pages 10-14). Plaintiff offers no substantive argument supporting her claims that she meets the requirements of these Listings. *See id.* In fact, in her briefing, Plaintiff even cites to the *incorrect Listings* in support of her argument that she meets these Listings.[4] *See id.* Plaintiff has the burden of establishing that she meets the requirements of the Listings. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). Because Plaintiff has not met this burden and has not provided this Court with any specific proof establishing that she meets the requirements of any of these Listings, Plaintiff has not met her burden, and this cursory claim should be dismissed. *See Vandenboom v. Barnhart,* 412 F.3d 924, 928 (8th Cir. 2005) (rejecting "out of hand" the plaintiff's contention that the ALJ failed to consider whether he met Listings 12.02 or 12.05C because the plaintiff provided "no analysis of the relevant law or facts regarding these listings").

Plaintiff also claims the ALJ erred by failing to consider the impact of her obesity on her RFC in accordance with 1.00(F). *See id.* However, Plaintiff did not allege she was disabled due to her obesity prior to this appeal. (Tr. 39-98, 162-179). Therefore, the ALJ was not required to consider this issue, and this Court is not required to address this issue on appeal. *See Pena v. Chater,* 76 F.3d

---

[4] For instance, in her briefing, Plaintiff claims she meets the requirements of Listing 1.04: "Arthritis of one major joint in each of the upper extremities (due to any cause)." (Doc. No. 7, Pages 11-13). However, the current Listing 1.04 is "Disorders of the spine." Plaintiff also claims she meets the requirements of Listing 1.05: "Disorders of the Spine." *See id.* However, the current Listing 1.05 is "Amputation (due to any cause)."

9

906, 909 (8th Cir. 1996) (holding that "the administrative law judge is under no 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability'" (quoting *Brockman v. Sullivan,* 987 F.2d 1344, 1348 (8th Cir. 1993))).

### 2. The ALJ's RFC Determination

Plaintiff included her treating physician's, Dr. Hejna's, "Physical Residual Capacity Questionnaire" in her briefing.  (Doc. No. 7, Pages 6-10).  Plaintiff claims the ALJ erred by failing to fully consider and evaluate Dr. Hejna's finding that Plaintiff suffers from severe Chronic Fatigue Syndrome ("CFS").  *See id.*  Plaintiff claims that the ALJ's failure to consider her CFS warrants a remand.  *See id.*  In response to Plaintiff's claim, Defendant argues that Plaintiff did not allege that she was disabled due to CFS in her original application and that this issue should not be considered in this appeal.  (Doc. No. 8, Page 10).

This Court finds that Plaintiff did not raise the claim that she was disabled due to CFS in her original application, in the documents she filed with the SSA, or at the administrative hearing.  (Tr. 39-98, 162-179).  Therefore, this Court is not required to address this issue on appeal.  *See Pena,* 76 F.3d at 909 (holding that "the administrative law judge is under no 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability'" (quoting *Brockman v. Sullivan,* 987 F.2d 1344, 1348 (8th Cir. 1993))).

### 3. The ALJ's Credibility Determination

In her Appeal Brief, Plaintiff referenced *Polaski* and claimed that the ALJ did not properly evaluate Plaintiff's symptoms of chronic back pain, right arm pain, shoulder pain, and neck pain.  (Doc. No. 7, Pages 10-11, 17-18).  Plaintiff, however, has not made any specific claims regarding

10

the ALJ's credibility determination. Without more specificity, this Court cannot review this claim. *See Vandenboom,* 421 F.3d at 750 (rejecting "out of hand" the claimant's "conclusory assertion that the ALJ failed to consider whether he met listings 12.02 or 12.05C" because the claimant provided "no analysis of the relevant law or facts regarding these listings"). As noted above, the ALJ made three specific findings regarding Plaintiff's subjective complaints of pain, and discounted those complaints.

### 4. The ALJ's Consideration of Impairments in Combination

Plaintiff claims the ALJ erred when he failed to consider Plaintiff's impairments in combination. (Doc. No. 7, Pages 3, 5, 14-15). Plaintiff offers very little substantive argument in support of this claim, but Plaintiff appears to argue that the ALJ did not properly consider her anxiety, depression, panic disorder, and CFS in combination. *See id.* In response, Defendant argues that the ALJ did properly consider Plaintiff's impairments in combination. (Doc. No. 9, Pages 9-10). Defendant argues that "[i]n his decision, the ALJ stated that 'claimants impairments, singly or in combination' do not meet or medically equal a listed impairment (Tr. 19, finding 4). This finding shows that the ALJ sufficiently considered the combined effect of her impairments. *See Browning v. Sullivan,* 858 F.2d 817, 821 (8th Cir. 1992)." (Doc. No. 9, Page 10).

Under the facts in the present case, this Court finds that the ALJ properly considered Plaintiff's impairments in combination. The Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523. In the present action, in reviewing Plaintiff's claimed impairments, the ALJ stated that "[t]he claimant's impairments *singly or in combination of impairments*, do not meet, medically equal, or functionally equal the requisite level of severity of an impairment contained in the Listing of impairments in Appendix 1 to Subpart

P of Regulations No. 4." (Tr. 12; 19, Finding 4) (emphasis added). The ALJ also stated the following in his opinion:

> Based upon consideration of *all the above-discussed factors and criteria*, *together with careful review of all the medical evidence and other evidence of record*, the undersigned Administrative Law Judge has concluded the claimant does not experience any symptoms, limitations or restrictions of such duration, frequency, or intensity to be disabling or to preclude her from the performance of a wide range of light work activity.

(Tr. 17) (emphasis added).

These statements are sufficient in the Eighth Circuit to establish that the ALJ properly considered the combined effect of a plaintiff's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments). Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered Plaintiff's impairments in combination.

Plaintiff has alleged that she suffers from a number of impairments. (Doc. No. 7, Pages 3-4). However, this Court is not required to find a plaintiff is disabled simply because he or she has alleged a long list of medical problems. The ALJ's opinion sufficiently indicates that the ALJ properly considered the combined effects of Plaintiff's impairments, and the ALJ properly considered the severity of the combination of the Plaintiff's impairments. *See Hajek,* 30 F.3d at 92.

### 5. The ALJ's Consideration of Plaintiff's Treating Physician

Plaintiff claims the ALJ erred by discounting the findings of Dr. Hejna, Plaintiff's treating physician. (Doc. No. 7, Pages 6-10). Plaintiff claims Dr. Hejna's findings in a "Physical Residual

Functional Capacity Assessment form" establish that she is disabled. *See id.* at 6. In response, Defendant claims that Dr. Hejna's findings are entitled to little weight because his findings are internally inconsistent, his treatment notes do not support a disability finding, his opinion appears to be based largely upon an uncritical acceptance of Plaintiff's subjective complaints, and his findings were inconsistent with the findings of other physicians who examined Plaintiff. *See id.* at 7-8.

Under the Social Security Regulations ("Regulations"), the opinion of a claimant's treating physician may be entitled to controlling weight. *See* 20 C.F.R. § 404.1527(d)(2). However, the SSA is not required to give a treating physician's opinion controlling weight in every case. *See House v. Astrue,* 500 F.3d 741, 744-46 (8th Cir. 2007) (affirming the ALJ's decision to discount the treating physician's opinion because of the inconsistencies in the treating physician's findings); *Hamilton v. Astrue,* 518 F.3d 607, 610-11 (8th Cir. 2008) (affirming the ALJ's decision to discount the treating physician's opinion because the treating physician's report contained many misspellings, handwriting and signature discrepancies, and was inconsistent with the findings from other examining physicians).

Instead, the SSA must review six factors in determining whether to give a treating physician's opinion controlling weight. *See id.* §§ 404.1527(d)(2)-(d)(6). Specifically, the SSA must consider the following factors: (1) length of the treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the treating physician's opinion; (4) the consistency of the opinion with the record; (5) the level of specialization of the treating physician; and (6) any other factors brought to the ALJ's attention. *See id.* The ALJ is also required to give "good reasons" in the notice of determination or decision for the weight given to the

treating source's opinion.  *See id.*

In his report (which is undated), Dr. Hejna found that Plaintiff had severe limitations in her ability to sit, stand, and walk. (Tr. 134-138). Dr. Hejna found that Plaintiff would need to take unscheduled breaks during an eight-hour shift and that those breaks would last for ten to fifteen minutes and would occur every thirty minutes. (Tr. 136). Dr. Hejna also found that Plaintiff would be able to perform "No lifting at all." (Tr. 137). If accepted, Dr. Hejna's very restrictive findings would establish that Plaintiff could not perform light or sedentary work, as they are defined under the Regulations.  *See* 20 C.F.R. § 416.967(a)-(e).

Based upon a review of Dr. Hejna's findings, this Court finds that the ALJ did not error when he discounted the opinion of Plaintiff's treating physician, Dr. Hejna. First, Dr. Hejna's opinion regarding Plaintiff's severe restrictions appears to be based primarily on an uncritical acceptance of Plaintiff's subjective complaints of back pain, and his opinion is inconsistent with the results from Plaintiff's examinations. (Tr. 134-161). For instance, on July 15, 2004, Plaintiff underwent a Lumbar Spine MRI without IV Contrast. (Tr. 151). Despite Plaintiff's subjective complaints of disabling back pain, the impression from the MRI was as follows: "1. L4-5 and L5-S1 disc degeneration with accompanying multilevel upper and mid-lumbar posterior facet synovitis[5]" and "2. No acute fracture, bony destruction, or focal disc herniation is identified." *See id.* The results from this examination do not support a finding that Plaintiff can do "No lifting at all." Second, Dr. Hejna's findings are inconsistent with Plaintiff's other consultative reports, including the reports from Dr. Gary Stewart, M.D. and Dr. Russell Allison, M.D. (Tr. 99-117). Dr. Stewart examined Plaintiff during a consultative examination and found she had *no restrictions* in her ability to walk,

---

[5] "Synovitis" is defined as an "Inflammation of a synovial membrane, especially that of a joint; in general, when unqualified, the same as arthritis."  *PDR Medical Dictionary* 1920 (3rd ed. 2006).

14

stand, sit, lift, or carry. (Tr. 115). Likewise, Dr. Allison found that Plaintiff's rotator cuff tear had improved dramatically after she underwent an "[a]rthroscopy[6] with debridement and repair of cuff 9/18/03." (Tr. 99). Dr. Allison found that after her surgery, Plaintiff returned for a follow-up appointment and was "doing excellent" and had "all her motion and excellent strength." *See id.*

Third and finally, Plaintiff's daily activities are entirely inconsistent with Dr. Hejna's finding that Plaintiff was unable to perform any lifting. As the ALJ noted, Plaintiff's testimony indicated that she was able to take care of her daily household chores, cook, and go grocery shopping when necessary. (Tr. 15). Plaintiff also reported that she had been able to raise her three grandchildren for eight years until having had them taken away last year and that the youngest one was eight years old when her grandchildren left her home. *See id.* Accordingly, because Dr. Hejna's findings were not supported by substantial evidence in the record, the ALJ did not err when he discounted the findings of Plaintiff's treating physician, Dr. Hejna.

### 6. The ALJ's Consideration of Plaintiff's Anxiety

In her application, Plaintiff alleged she was disabled due to "nerve problems." (Tr. 50-62, 89). Plaintiff's medical records indicate that she suffers from anxiety (Tr. 115) and has been prescribed medication for her anxiety. (Tr. 139). As noted by the ALJ, however, there is no indication in Plaintiff's medical records that her medication does not adequately control her anxiety or that she has any restrictions on her ability to work due to this anxiety. Plaintiff also argues that her medical records establish that she "is being treated with medication for these conditions" and that "the ALJ erred in failing to order a mental evaluation if he intends to discredit Dr. Hejna's treatment." (Doc. No. 7, Page 16). Plaintiff, however, has the burden of establishing her

---

[6] "Arthroscopy" is an "Endoscopic examination of the interior of a joint." *PDR Medical Dictionary* 161-162 (3rd ed. 2006).

15

impairment(s) or the limitations on her ability to perform SGA. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a). The ALJ does not have a duty to further develop the record when the record contains sufficient evidence for making a disability determination. *See Tellez v. Barnhart,* 403 F.3d 953, 956-57 (8th Cir. 2005).

In the present action, Plaintiff has not established that her anxiety limits her ability to perform SGA. Since Plaintiff has not met her burden of establishing limitations due to her anxiety, the ALJ did not err when he found Plaintiff was not disabled due to her claimed anxiety, and the ALJ was not required to order additional consultative reports to evaluate Plaintiff's claimed limitations due to her anxiety.

**B. The ALJ's Step Five Determination**

Plaintiff argues that her "non-exertional impairments significantly diminish her residual functional capacity to perform the full range of light work" and that because of this fact, the ALJ should not have relied upon the Grids in his disability determination. (Doc. No. 7, Page 5). In response, Defendant argues that the ALJ properly concluded that Plaintiff did not have a non-exertional impairment that would significantly diminish her RFC. (Doc. No. 8, Page 11). Defendant argues that the ALJ was, therefore, able to properly apply the Grids in determining that Plaintiff was able to perform work existing in significant numbers in the economy. *See id.*

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart,* 360 F.3d 838, 836 (8th Cir. 2004). The SSA may meet this burden be either applying the Grids or by relying upon the testimony of a VE. *See Cox v. Astrue,* 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based

on a correctly-phrased hypothetical question); *Patrick v. Barnhart,* 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids). The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart,* 321 F.3d 766, 768-69 (8th Cir. 2003) (affirming the SSA's disability determination where the ALJ found the claimant's alleged nonexertional limitations did not diminish the claimant's RFC to perform the full range of work); *Lewis v. Heckler,* 808 F.2d 1293, 1298 (8th Cir. 1987) (reversing and remanding the SSA's disability determination where the ALJ determined that the claimant's nonexertional limitations did significantly diminish the claimant's exertional abilities). If, however, the SSA properly determines that a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids and is not required to hear the testimony from a VE. *See McGeorge,* 321 F.3d at 768-69.

A "nonexertional limitation" is a limitation or restriction which affect a claimant's "ability to meet the demands of jobs other than the strength demands." 20 C.F.R. § 404.1569a(a). Nonexertional limitations include the following: (1) difficulty functioning due to pain; (2) difficulty functioning due to nervousness, anxiety, or depression; (3) difficulty maintaining attention or concentration; (4) difficulty understanding or remembering detailed instructions; (5) difficulty seeing or hearing; (6) difficulty tolerating a physical feature of a certain work setting (such as dust or fumes); or (7) difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching. *See* 20 C.F.R. § 404.1569a(c)(1).

In the present action, Plaintiff does not clearly state which nonexertional limitations significantly diminish her ability to perform light work. (Doc. No, 7, Pages 13-14). Plaintiff even claims at several points in her briefing that her CFS, obesity, anxiety, panic disorder. and pain are

*exertional limitations. See id.* However, even if this Court presumes that Plaintiff is arguing that these limitations are *nonexertional,* Plaintiff's medical records still do not support the conclusion that Plaintiff's ability to perform light work is significantly diminished by these impairments or that the ALJ erred in finding that Plaintiff's ability to perform light work was not significantly diminished by these nonexertional limitations. First, as noted above, Plaintiff's CFS and obesity are being raised for the first time in this appeal, and this Court will not address these claimed impairments. *See Discussion, supra.* Second, the ALJ discounted Plaintiff's subjective complaints that her ability to perform light work is significantly diminished by her "nerve problems" or pain. (Tr. 15-18). Plaintiff did not properly raise the issue of whether the ALJ erred by discounting these subjective complaints. However, as noted above, the ALJ's credibility determination is supported by several valid reasons and is entitled to deference. *See Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006) (affirming the ALJ's credibility determination because the evidence as a whole was inconsistent with the claimant's testimony).

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 30th day of May, 2008.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE